

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TERRANCE D. DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-929-A |
| | § | |
| OFFICER ROBLES, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Officer Robles, for summary judgment. Plaintiff, Terrance D. Davis, has failed to respond to the motion, which is ripe for ruling. The court, having considered the motion, the record, the summary judgment evidence, and applicable authorities, finds that the motion should be granted.

I.

Background

On December 7, 2015, plaintiff filed his original complaint, alleging that defendant, an Arlington Police Department officer, assaulted him during booking on the day of July 23, 2015. The court conducted a Spears[1] hearing via telephone on January 28,

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

2016, and determined that plaintiff should be allowed to proceed with his claims against defendant.[2]

## II.

## Grounds of the Motion

Defendant says that he did not violate any of plaintiff's constitutional rights.[3] Further, if there was any such violation, defendant is entitled to qualified immunity.

## III.

## Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof

---

[2] The court determined that plaintiff's claims against the City of Arlington, Texas, should be dismissed. The court dismissed those claims and made the judgment final. Plaintiff has not appealed.

[3] Defendant's motion addresses the issue of denial of medical care. However, plaintiff admits that he refused medical care and the record would not support a denial of care claim.

2

concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys., Inc. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[4] Celotex Corp., 477 U.S. at 323. If the record taken as a

---

[4] In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit
(continued...)

whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

IV.

Analysis

A. Excessive Force

To establish an excessive force claim, plaintiff must show that the alleged conduct caused more than a *de minimis* injury; that it was grossly disproportionate to the need for action under the circumstances; and that it was inspired by malice rather than mere carelessness or unwise excess of zeal. Petta v. Rivera, 143 F.3d 895, 902 (5th Cir. 1998). Use of force is legitimate as long as it is applied in a good faith effort to maintain or restore discipline and not maliciously or sadistically for the very purpose of causing harm. Hudson v. McMillian, 503 U.S. 1, 6 (1992).

There is no summary judgment evidence to support plaintiff's claim of use of excessive force. That is, nothing in the record would support a finding of conduct so egregious as to shock the

---

[4](...continued)
explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

4

conscience. See Hudson, 503 U.S. at 10; Petta, 143 F.3d at 902; Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007).

B.  Qualified Immunity

Qualified immunity insulates a government official from civil damages liability when the official's actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). For a right to be "clearly established," the right's contours must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). Individual liability thus turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law at the time. Hunter v. Bryant, 502 U.S. 224, 228 (1991); Anderson, 483 U.S. at 639-40. In Harlow, the court explained that a key question is "whether that law was clearly established at the time an action occurred" because "[i]f the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." 457 U.S. at 818. In assessing whether the law was clearly established at the time, the court is to consider all relevant legal authority,

5

whether cited by the parties or not. Elder v. Holloway, 510 U.S. 510, 512 (1994). If public officials of reasonable competence could differ on the lawfulness of defendant's actions, the defendant is entitled to qualified immunity. Malley v. Briggs, 475 U.S. 335, 341 (1986); Fraire v. City of Arlington, 957 F.2d 1268, 1273 (5th Cir. 1992). "[A]n allegation of malice is not sufficient to defeat immunity if the defendant acted in an objectively reasonable manner." Malley, 475 U.S. at 341.

In analyzing whether an individual defendant is entitled to qualified immunity, the court considers whether plaintiff has alleged any violation of a clearly established right, and, if so, whether the individual defendant's conduct was objectively reasonable. Siegert v. Gilley, 500 U.S. 226, 231 (1991); Duckett v. City of Cedar Park, 950 F.2d 272, 276-80 (5th Cir. 1992). In so doing, the court should not assume that plaintiff has stated a claim, i.e., asserted a violation of a constitutional right. Siegert, 500 U.S. at 232. Rather, the court must be certain that, if the facts alleged by plaintiff are true, a violation has clearly occurred. Connelly v. Comptroller, 876 F.2d 1209, 1212 (5th Cir. 1989). A mistake in judgment does not cause an officer to lose his qualified immunity defense. In Hunter, the Supreme Court explained:

> The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly

6

> incompetent or those who knowingly violate the law."
> Malley, [475 U.S.] at 343. . . . This accommodation for
> reasonable error exists because "officials should not err
> always on the side of caution" because they fear being sued.
> . . .

502 U.S. at 229.

When a defendant relies on qualified immunity, the burden is on the plaintiff to negate the defense. Kovacic v. Villarreal, 628 F.3d 209, 211 (5th Cir. 2010); Foster v. City of Lake Jackson, 28 F.3d 425, 428 (5th Cir. 1994). Here, plaintiff has not come forward with any summary judgment evidence, much less a response of any kind. The record establishes that defendant did not use any force against plaintiff. Even if he did, the record establishes that defendant would be entitled to qualified immunity.

V.

Order

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; that plaintiff take nothing on his claims against defendant; and that such claims be, and are hereby, dismissed with prejudice.

SIGNED July 6, 2016.

JOHN McBRIDE
United States District Judge

7